DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARCH INSURANCE COMPANY,**
Appellant,

v.

**KUBICKI DRAPER, LLP,** a law firm,
Appellee.

No. 4D17-2889

[March 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. 08 25361 (26).

Benjamin J. Biard and Brittany P. Borck of Winget Spadafora Schwartzberg, LLP, Miami, and Frank A. Shepherd and Lesley-Anne Marks of GrayRobinson, P.A., Miami, for appellant.

Christopher J. Lynch and Steven K. Hunter of Hunter & Lynch, Coral Gables, for appellee.

### ON APPELLANT'S MOTION FOR CERTIFICATION TO THE FLORIDA SUPREME COURT

GERBER, C.J.

By opinion issued January 23, 2019, we affirmed the circuit court's final judgment granting the appellee law firm's motion for summary judgment against the appellant insurer, on the basis that the appellant insurer lacked standing to sue the law firm. *Arch Ins. Co. v. Kubicki Draper, LLP*, No. 4D17-2889, 2019 WL 318466 (Fla. 4th DCA Jan. 23, 2019). We agreed with the circuit court's reasoning that the insurer was not in privity with the law firm, and thus the insurer lacked standing to sue the law firm. *Id.* at *1. We further concluded that the insurer's suit did not qualify under the privity rule's two exceptions which our supreme court has recognized. *Id.*

The insurer has now filed a motion requesting this court to certify the following two questions as questions of great public importance:

I.    Whether an insurer has standing to maintain a malpractice action against counsel hired to represent its insured where the insurance company has a duty to defend.

II.   Whether the unique tripartite relationship between the insurer, insured, and law firm is a limited exception to the strict privity rule.

We grant the motion to certify the first proposed certified question. We deny the motion to certify the second proposed certified question, which we consider to be subsumed within the first proposed certified question.

Therefore, we certify to our supreme court the following question of great public importance (slightly restated from the proposed question):

WHETHER AN INSURER HAS STANDING TO MAINTAIN A MALPRACTICE ACTION AGAINST COUNSEL HIRED TO REPRESENT THE INSURED WHERE THE INSURER HAS A DUTY TO DEFEND.

*Motion granted in part, denied in part; question of great public importance certified.*

FORST and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2